# Exhibit A

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Administrative Appeals Office*
5900 Capital Gateway Drive, Mail Stop 2090
Camp Springs, MD 20588-0009



**U.S. Citizenship and Immigration Services**

GRETEL IVON NORIEGA ELIAS
C/O RACHEL LEAH RADO, ESQUIRE
LAW OFFICES OF RACHEL L RADO
175 PORTLAND ST FL 2
BOSTON MA  02114

DATE: OCT. 21, 2025        APPLICANT FILE #:  A088716258
                           DERIVATIVE FILE #:  A247033308
                           I-290B RECEIPT #:  LIN2516751264

IN RE:       Applicant:      GRETEL IVON NORIEGA ELIAS
             Derivative:     AMALIA ELIAS GOMEZ

ON BEHALF OF APPLICANT:

RACHEL LEAH RADO, ESQUIRE
LAW OFFICES OF RACHEL L RADO
175 PORTLAND ST FL 2
BOSTON MA  02114

Enclosed is the non-precedent decision of the Administrative Appeals Office (AAO) for your case.  If you believe we incorrectly decided your case, you may file a motion requesting us to reconsider our decision, reopen the proceeding, or both.  The requirements for motions are located at 8 C.F.R. § 103.5.  Motions must be filed on a Form I-290B, Notice of Appeal or Motion, **within 33 days of the date of this decision**.  This time period includes three days added for service by mail.

The Form I-290B website (www.uscis.gov/i-290b) contains the latest information on fee, filing location, and other requirements.  **Please do not mail any motions directly to the AAO**.

If you have any further questions about your case, please call the USCIS Contact Center at (800) 375-5283.

Sincerely,

Susan Dibbins
Chief, Administrative Appeals Office

REV 4/2025                                                                    www.uscis.gov



**U.S. Citizenship and Immigration Services**

**Non-Precedent Decision of the Administrative Appeals Office**

In Re: 39190075

Date: OCT. 21, 2025

Appeal of Service Center Operations (SCOPS) Decision

Form I-914 – Supplement A, Application for Family Member of T-1 Recipient

The Applicant, who was granted T-1 nonimmigrant status (T-1 principal), seeks T-4 nonimmigrant classification for her mother (the Derivative) under the Immigration and Nationality Act (the Act) section 101(a)(15)(T)(ii), 8 U.S.C. § 1101(a)(15)(T)(ii). SCOPS denied the application, concluding that the Applicant did not establish that the Derivative faces a present danger of retaliation as a result of her escape from a severe form of trafficking in persons or cooperation with law enforcement, as required. The matter is now before us on appeal pursuant to 8 C.F.R. § 103.3.

The Applicant bears the burden of proof to demonstrate eligibility by a preponderance of the evidence. *Matter of Chawathe*, 25 I&N Dec. 369, 375-76 (AAO 2010). We review the questions in this matter de novo. *Matter of Christo's, Inc.*, 26 I&N Dec. 537, 537 n.2 (AAO 2015). Upon de novo review, we will dismiss the appeal.

Section 101(a)(15)(T) of the Act provides for T-1 nonimmigrant classification of certain victims of a severe form of trafficking in persons and derivative classification of the spouse, children, and parents of an adult T-1 nonimmigrant. Section 101(a)(15)(T)(i), (ii)(II) of the Act. The T-4 nonimmigrant classification is available to a parent who faces a present danger of retaliation as a result of the principal's escape from trafficking or cooperation with law enforcement. In cases where the LEA has not investigated the acts of trafficking after the applicant has reported the crime, U.S. Citizenship and Immigration Services (USCIS) will evaluate any credible evidence demonstrating derivatives' present danger of retaliation. Section 101(a)(15)(T)(ii)(III) of the Act (as amended by section 1221 of the Violence Against Women Reauthorization Act of 2013, Pub. L. 113-4 (Mar. 7, 2013)); 8 C.F.R. § 214.211(a)(3).

Here, the record reflects that the Applicant was a victim of trafficking by her employer, D-S-,[1] the owner and manager of a restaurant. She asserts that she and the Derivative worked for D-S- from March 2010 to June 2010 and that the Derivative worked under similar exploitative and abusive conditions. The Derivative asserts that in 2017, she saw D-S- from afar which retriggered her trauma.

On appeal, the Derivative asserts that SCOPS erred in concluding that the fact that D-S- did not threaten or acknowledge her during the 2017 incident indicates that there was no present danger of

---

[1] Initials are used throughout this decision to protect the identities of the individuals.

retaliation. However, the Applicant states that while D-S- had threatened serious harm if she reported him, at the time of the encounter with her mother, she had not reported her trafficking, therefore, there would have been no need for D-S- to threaten her mother.

We adopt and affirm the Director's decision. *See Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994); *see also Giday v. INS*, 113 F.3d 230, 234 (D.C. Cir. 1997) (noting that the practice of adopting and affirming the decision below "is not only common practice, but universally accepted"). We acknowledge the Applicant's and the Derivative's statements regarding the lasting psychological trauma caused by their experience working for D-S-. However, the Applicant and the Derivative were employed by D-S- more than 15 years ago, and the record does not establish that D-S- retaliated, threatened, or communicated with them after their employment ended – including during the three years since the Applicant reported her trafficking in 2022. As the record does not establish that the Derivative faces a present danger of retaliation as a result of the Applicant's escape from trafficking or cooperation with law enforcement, she is ineligible for classification as a derivative under section 101(a)(15)(T)(ii) of the Act.

**ORDER:** The appeal is dismissed.

**NOTICE:** This constitutes the final decision in this matter. The filing of a motion will not postpone the effect of the decision. 8 C.F.R. § 103.5(a)(1)(iv). Aliens who are not lawfully present, or who are otherwise inadmissible or deportable, may be subject to the commencement of removal proceedings under section 240 of the Act through the issuance of a Form I-862, Notice to Appear. Those proceedings may result in their removal from the United States and possible ineligibility for future visas or other immigration benefits.