**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| AMALIA ELIAS GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-10076-JEK |
| | ) | |
| SUSAN DIBBINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants[1] submit the following Answer to Plaintiff Amalia Elias Gomez's Complaint:

**ANSWER**

By way of general response, all allegations made or intended to be made against Defendants are denied unless specifically admitted, and any factual allegation admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations stated, incorporated, or implied in connection therewith. Defendants reserve their right to amend this Answer if appropriate following discovery or investigation in this matter. The foregoing is incorporated into each paragraph of this Answer.

Defendants respond as follows to the individual paragraphs set forth in the Complaint.

**INTRODUCTION[2]**

1-3. Plaintiff's Introduction consists of Plaintiff's characterization of this action to which no response is required.

---

[1] Defendants are Susan Dibbins, Chief, Administrative Appeals Office of United States Citizenship and Immigration Services (USCIS); Joseph B. Edlow, Director, USCIS; and Markwayne Mullin, Secretary, U.S. Department of Homeland Security (substituted for Kristi Noem pursuant to Fed. R. Civ. P. 25(d)).

[2] Defendants' reproduction of headings included in the Complaint is not an admission or waiver of any kind.

## PARTIES

4. Admitted.

5. Defendants admit the allegations contained in the first sentence of this paragraph. Defendants deny the allegations contained in the second sentence of this paragraph.

6. Defendants admit that Kristi Noem is the former Secretary of the Department of Homeland Security. Answering further, Defendants state that Markwayne Mullin is the current Secretary of the Department of Homeland Security. The remainder of this paragraph states conclusions of law to which no response is required.

7. Defendants admit that Joseph B. Edlow is the Director of the U.S. Citizenship and Immigration Services (USCIS). The remainder of this paragraph states conclusions of law to which no response is required.

8. Defendants admit that Susan Dibbins is the Chief of the Administrative Appeals Office (AAO) of USCIS. The remainder of this paragraph states conclusions of law to which no response is required.

## JURISDICTION AND VENUE

9. This paragraph states conclusions of law to which no response is required.

10. This paragraph states conclusions of law to which no response is required.

11. The paragraph states conclusions of law to which no response is required.

12. This paragraph states conclusions of law to which no response is required.

## STANDING

13. The first sentence of this paragraph states conclusions of law to which no response is required. Defendants deny the allegations contained in the second sentence of this paragraph. Answering further, Defendants deny that they improperly denied Plaintiff's Form I-914A

Application and deny that such an improper denial has adversely affected Plaintiff's ability to obtain lawful status in the United States. The third sentence of this paragraph states conclusions of law to which no response is required.

## STATUTORY AND REGULATORY BACKGROUND

14. This paragraph states conclusions of law to which no response is required.

15. This paragraph states conclusions of law to which no response is required.

16. This paragraph states conclusions of law to which no response is required.

17. This paragraph states conclusions of law to which no response is required.

18. This paragraph states conclusions of law to which no response is required

19. This paragraph states conclusions of law to which no response is required.

## STATEMENT OF FACTS

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them. Defendants further state that Exhibit H speaks for itself and that no response is required.

21. This paragraph refers to the record, the content of which speaks for itself, and Defendants otherwise deny Plaintiff's characterizations.

22. Admitted.

23. This paragraph refers to sworn statements, the content of which speaks for itself, and Defendants otherwise deny Plaintiff's characterizations.

24. This paragraph refers to Exhibit A to Plaintiff's Complaint, the content of which speaks for itself, and Defendants otherwise deny Plaintiff's characterizations.

25. The first part of the sole sentence of this paragraph refers to the record, the content of which speaks for itself, and Defendants otherwise deny Plaintiff's characterizations. The second

part of the sole sentence of this paragraph states conclusions of law to which no response is required.

26. Admitted.

27. Admitted.

28. This paragraph refers to the AAO Final Decision issued on October 21, 2025, the content of which speaks for itself, and Defendants otherwise deny Plaintiff's characterizations.

29. Defendants deny that the denial was "unlawful". This paragraph otherwise states conclusions of law to which no response is required.

**COUNT ONE**

**(Violation of the APA – Arbitrary and Capricious (5 U.S.C. § 706(2)(A))**

30. Defendants repeat and incorporate herein their answers in response to Paragraphs 1-29 above.

31. Denied.

32. Denied.

33. Denied.

34. This paragraph states conclusions of law to which no response is required. This paragraph also contains Plaintiff's characterization of the AAO's decision, which Defendants deny.

**COUNT TWO**

**(Violation of the APA – Contrary to Law (5 U.S.C. § 706(2)(A), (C))**

35. Defendants repeat and incorporate herein their answers in response to Paragraphs 1-34 above.

36. This paragraph states conclusions of law to which no response is required. This paragraph also contains Plaintiff's characterization of the AAO's decision, which Defendants deny.

37. This paragraph states conclusions of law to which no response is required. This paragraph also contains Plaintiff's characterization of the AAO's decision, which Defendants deny.

## COUNT THREE

**(Violation of the APA – Failure to Observe Required Procedure (5 U.S.C. § 706(2)(D))**

38. Defendants repeat and incorporate herein their answers in response to Paragraphs 1-37 above.

39. This paragraph states conclusions of law to which no response is required.

40. Denied.

41. The first part of the sole sentence of this paragraph states conclusions of law to which no response is required. Defendants deny that evidence was "improperly dismissed."

## COUNT FOUR

**(Violation of the APA – Decision Unsupported by Substantial Evidence (5 U.S.C. § 706(2)(e)**

42. Defendants repeat and incorporate herein their answers in response to Paragraphs 1-41 above.

43. This paragraph states conclusions of law to which no response is required. This paragraph also contains Plaintiff's characterization of Exhibits B, E, and H, which Defendants deny.

44. This paragraph refers to the Final Decision of the AAO, the content of which speaks for itself, and Defendants otherwise deny Plaintiff's characterizations.

45. This paragraph states conclusions of law to which no response is required. This paragraph also contains Plaintiff's characterization of the AAO's decision, which Defendants deny.

## COUNT FIVE

**(Violation of the APA – Failure to Conduct De Novo Review (5 U.S.C. § 706)**

46. Defendants repeat and incorporate herein their answers in response to Paragraphs 1-45 above.

47. This paragraph refers to the Final Decision of the AAO, the content of which speaks for itself, and Defendants otherwise deny Plaintiff's characterizations.

48. This paragraph states conclusions of law to which no response is required.

## PRAYER FOR RELIEF

The Wherefore paragraph constitutes Plaintiff's prayer for relief and requires no response. To the extent a response is required, Defendants deny Plaintiff is entitled to any relief in this action.

Answering further, Defendants deny each and every allegation not previously admitted, denied, or otherwise qualified.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. The Court lacks subject matter jurisdiction over the Complaint.

3. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff did not fully exhaust her administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's claims are

untimely.

5. At all times alleged in the Complaint, Defendants were acting in good faith, with justification, and pursuant to authority.

6. Plaintiff is not entitled to attorneys' fees.

7. Defendants reserve their right to amend this Answer and to raise additional defenses which are not yet known, but which may become known.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request as follows:

1. That judgment be entered for Defendants and against Plaintiff, dismissing Plaintiff's Complaint and action against Defendants with prejudice;

2. That Plaintiff take nothing;

3. That no injunctive or declaratory relief be awarded to Plaintiff;

4. That the Court award costs of suit incurred herein to Defendents; and

5. That this Court award such further relief to Defendants as the Court deems appropriate in this action.

Dated: September 4, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/ DRAFT
ROBERT E. RICHARDSON
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3247
Robert.richardson@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorneys of record by means of the Court's Electronic Case Filing system on September 4, 2026.

/s/ DRAFT
Robert E. Richardson
Assistant U.S. Attorney